UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

**MATTHEW JOSEPH WOOD**                      **CIVIL ACTION NO. 09-1560**

**VS.**                                       **SECTION P**

**DEPARTMENT OF CORRECTIONS,**
**ET AL.**                                    **JUDGE MINALDI**
                                              **MAGISTRATE JUDGE KAY**

## REPORT AND RECOMMENDATION

Plaintiff Matthew Joseph Wood filed a civil rights complaint (42 U.S.C. §1983) on August 31, 2009. At the time of filing, he was an inmate at Calcasieu Correctional Center, Lake Charles, Louisiana. [Doc. 1]. On January 20, 2010, a memorandum order issued by the court directed plaintiff to amend his complaint. [Doc. 6]. This document was returned to the court with the notation "return to sender/not here." [Doc. 7]. The document was mailed to petitioner at his last known address.

## LAW AND ANALYSIS

Federal Rules of Civil Procedure Rule 41(b) permits dismissal of claims for failure of the plaintiff "to prosecute or to comply with . . . a court order . . . ." The district court also has the inherent authority to dismiss an action *sua sponte*, without motion by a defendant. *Link v. Wabash R.R.Co.*, 370 U.S. 626, 630-31, 82 S.Ct. 1386, 1388-89, 8 L.Ed.2d 734 (1962). "The power to invoke this sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the [d]istrict [c]ourts." *McCullough v. Lynaugh*, 835 F.2d 1126, 1127 (5th Cir.1988).

Further, Local Rule (LR) 41.3W provides in part, "[t]he failure of a ... pro se litigant to keep the court apprised of an address change may be considered cause for dismissal for failure to

prosecute when a notice is returned to the court for the reason of an incorrect address and no correction is made to the address for a period of thirty days." More than thirty days have elapsed since the court's correspondence was returned.

Therefore,

**IT IS RECOMMENDED** that plaintiff's complaint be **DISMISSED** in accordance with the provisions of FRCP Rule 41(b) and LR41.3W.

Under the provisions of 28 U.S.C. Section 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have fourteen (14) business days from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within ten (10) days after being served with a copy of any objections or response to the district judge at the time of filing.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error.** *See, Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996).

Signed in Lake Charles, Louisiana, on the 18th day of May, 2010.

_____
KATHLEEN KAY
UNITED STATES MAGISTRATE JUDGE